IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50271
Conference Calendar
_____


DONALD RANDLE,

                                        Plaintiff-Appellant,

versus

NFN FOSTER and
WAYNE SCOTT, Director,

                                        Defendants-Appellees.


- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. CA-P-94-58
- - - - - - - - - - -
(October 19, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

     Donald Randle, proceeding pro se and in forma pauperis
(IFP), argues on appeal that Warden Terry Foster is liable to him
for the negligence and deliberate indifference of prison
personnel to his medical needs caused by gas leaks.  The district
court dismissed the complaint as frivolous pursuant to 28 U.S.C.
§ 1915(d).

_____

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

A defendant cannot be held liable under 42 U.S.C. § 1983 on a theory of vicarious liability, including respondeat superior. Baskin v. Parker, 602 F.2d 1205, 1207-08 (5th Cir. 1979). "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897 (1983). Accordingly, the district court did not abuse its discretion in dismissing as frivolous Randle's complaint against Foster and Wayne Scott, the Director of the Texas Department of Criminal Justice.

Randle alleges for the first time on appeal that he was denied adequate medical treatment by unnamed prison officials. "[I]ssues raised for the first time on appeal are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice." Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Although Randle has not been warned about frivolous appeals, this is Randle's third plainly frivolous appeal. See Randle v. Mennen Co., No. 95-20198 (5th Cir. Aug. 22, 1995). We caution Randle that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Randle is further cautioned to review all pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

APPEAL DISMISSED. See 5th Cir. R. 42.2.